IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| TRANSITIONS OF WESTERN ILLINOIS, INC., LACEY EATON, ERIC KAMINSKY and JANE DOE, as Plenary Guardian for The person and Estate of JOHN DOE, disabled adult, | ) ) ) ) ) ) ) |
| Defendants. | ) |

No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Selective Insurance Company of America ("Selective"), by and through its attorneys, Colleen A. Beverly and CLAUSEN MILLER P.C., and for its COMPLAINT FOR DECLARATORY JUDGMENT against the above-captioned Defendants, states as follows:

**NATURE OF ACTION**

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 in order to determine the rights and obligations of the parties under a Commercial Lines Policy issued to TRANSITIONS OF WESTERN ILLINOIS, INC. with respect to an action filed by JANE DOE as the plenary guardian for the person and Estate of JOHN DOE, a disabled adult ("Doe" or "John Doe").

**JURISDICTION AND VENUE**

2.      Jurisdiction over this action is proper in this Court pursuant to 28 U.S.C. § 1332 in that, upon information and belief, the amount in controversy exceeds $75,000, exclusive of

11104283.2

interest and costs, and there is complete diversity of citizenship between Plaintiff and the Defendants.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the events that give rise to the Underlying Action occurred in this district.

**PARTIES**

4. Plaintiff, Selective, is a New Jersey corporation with its principal place of business in Branchville, New Jersey.

5. Upon information and belief, at all times relevant to this complaint, Defendant TWI was the licensee and/or owner of TRANSITIONS OF WESTERN ILLINOIS, INC. d/b/a St. Anthony Road Group Home ("TWI"). TWI owned, operated, maintained, managed and/or controlled a Community Integrated Living Arrangement ("CILA") facility located at 3115 St. Anthony Road, Quincy, County of Adams, State of Illinois.

6. TWI is an Illinois corporation with its principal place of business in Illinois.

7. Upon information and belief, Defendant LACEY EATON ("Eaton") is domiciled in Illinois.

8. Upon information and belief, Defendant ERIC KAMINSKY ("Kaminsky") is domiciled in Illinois.

9. Upon information and belief, Defendant Doe is domiciled in Illinois. Defendant Doe is named in this action as a nominal defendant in order to bind Defendant Doe by any judgment entered in this action.

**GENERAL ALLEGATIONS**

10. On or about October 24, 2023, Defendant Doe filed a Complaint at Law in the lawsuit entitled *Doe v. Transitions of Western Illinois, Inc.. et al*., Case No. 2023 LA 45 pending in the Circuit Court for the Eight Judicial Circuit, Adams County, Illinois (the "Underlying Action"), attached hereto as Exhibit A.

11. On or about June 21, 2024, Defendant Doe filed a First Amended Complaint at Law in the Underlying Action which is attached hereto as Exhibit B.

12. In the Underlying Action, it is alleged that on or about 2003, Co-Guardians John Doe, II and Jane Doe entered into a guardianship for John Doe, as John Doe is of limited IQ and lacks the ability to consent. Ex. B, ¶9. John Doe has lived at TWI since 2005. *Id*. at ¶10. On or about 2018, Golden "Fritz" Marlow, III, moved into TWI's CILA in Quincy, Illinois. *Id*. at ¶11. Defendant Doe alleges that in or around June 2019, in violation of "house rules", Fritz entered the facility bathroom and penetrated John Doe's anus with his finger while John Doe was drying off after a shower. *Id.* at ¶12. Further, Defendant Doe alleges in the Underlying Action that in or around June 2019, Fritz grabbed John Doe's penis area while on the facility bus and hit him in the back. *Id*. at ¶14. In addition, Defendant Doe allege that on August 13, 2022, Fritz walked into John Doe's room at the facility while John Doe was unclothed after his shower and grabbed and twisted John Doe's penis. *Id*. at ¶15.

13. According to the Underlying Action, Defendant Eaton, at all relevant times, was employed by TWI as the Director of Intellectual/Developmental Disabilities Services, and at all times acted within the scope of her agency, service and/or employment. Ex. B, ¶6.

14. According to the Underlying Action, Defendant Kaminsky, at all relevant times, was employed by TWI as a case manager and/or program manager and at all times acted within the scope of his agency, service and/or employment. Ex. B, ¶8.

15. In the Underlying Action, Defendant Doe alleges that "at no time did John Doe have the decisional making capacity to give consent to sexual activity with another individual at TWI and/or St. Anthony Road Group Home" and alternatively, "at no time did John Doe give consent to sexual activity with another individual at TWI and/or St. Anthony Road Group Home". Ex. B, ¶¶28, 29.

16. Defendant Doe alleges that at no time did the staff of TWI, including Eaton and Kaminsky, notify the guardians of John Doe that he had been assaulted on August 13, 2022 prior to telling Jane Doe on or about August 19, 2022. Ex. B, ¶30.

17. Defendant Doe alleges that Defendants TWI, Eaton and Kaminsky failed to ensure the health and safety of John Doe at the CILA facility; failed to develop and implement an appropriate care plan to address the individual's risk for abuse and specifically, sexual abuse; failed to assess the individual on whether he had the decision-making capacity to give consent to sexual activity; failed to provide services that supported an individual's right to sexual health and healthy sexual practices; failed to provide appropriate monitoring, assistance and/or supervision of the resident/consumer; failed to monitor the resident/consumer condition and the perpetrator of abuse's condition; failed to adequately monitor and supervise a resident/consumer with limited IQ and inability to consent; failed to prevent the resident/consumer from sexual abuse by another resident/consumer on multiple occasions; failed to implement appropriate interventions to minimize the potential for continued sexual abuse; failed to notify the guardians immediately regarding the August 13, 2022 sexual abuse; failed to report and notify the various public

agencies and police department regarding the incident of sexual abuse; and failed to ensure all necessary precautions be taken to assure that the resident's environment remains free of sexual abuse. Ex. B, ¶¶42, 48 and 55.

18. Defendant Doe alleges that Defendant TWI also failed to ensure the nursing facility was adequately staffed; failed to appropriately hire adequately trained staff; failed to ensure that every individual has the right to be free from abuse, neglect exploitation, coercion and restraint; failed to evaluate the most suitable therapy and placement of a resident; failed to provide care and supervision based on the known and assessed needs; failed to ensure the facility advocated on behalf of individuals; failed to ensure that the facility assisted individuals to obtain and maintain safety and basic comforts within the CILA; failed to provide services that supports an individual's right to sexual health and be free of sexual exploitation; failed to assess the individual the individual on whether he has the decision-making capacity to give consent to sexual activity; failed to ensure the policies and procedures of the facility regarding resident care plans were implemented by the staff. Ex. B, ¶34.

19. Selective issued Commercial Lines Policy No. S 2414607 to Defendant TWI for the policy periods of October 6, 2019 to October 6, 2020 and again from October 6, 2021 to October 6, 2022 (the "Policy"), attached hereto as Exhibits C and D. The Policy includes Commercial General Liability Coverage, Social Services Professional Liability Coverage, Abuse or Molestation Coverage and Umbrella Coverage.[1]

20. On or about March 30, 2023, Defendant TWI tendered the Underlying Action to Selective seeking defense and indemnity under the Policy. On June 23, 2023, Selective accepted TWI's tender of defense of the Underlying Action under a reservation of rights. See June 23,

---

[1] The Policy also includes Automobile Coverage and Inland Marine Coverage that are not relevant to this Complaint.

11104283.2

5

2023 ROR attached hereto as Exhibit E. In the ROR, Selective specifically reserved the right to deny any obligation under the Policy should it be determined that the first instance of sexual abuse took place prior to October 6, 2019.

21. Based upon the allegations in the First Amended Complaint, on July 10, 2024, Selective issued a letter to Defendant TWI advising that it was withdrawing from the defense of TWI based upon the fact that the First Amended Complaint in the Underlying Action alleged sexual abuse prior to the inception date of the Policy. See July 10, 2024 Selective Letter to TWI attached hereto as Exhibit F.

22. An actual controversy presently exists between Selective and defendants arising out of TWI's request for insurance coverage under the Policy.

## DECLARATORY JUDGMENT

23. The Commercial General Liability Coverage Part of the Policy contains the following insuring agreement under form CG 00 01 (04/13):

**SECTION I — COVERAGES**

**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or per-form acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages **A** and **B.**

24. The Commercial General Liability Coverage Part of the Policy contains the following insuring agreement under form CG 001 (04/13):

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

25. The Commercial General Liability Coverage Part of the Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

11104283.2

7

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

26.     The Selective Policy contains the following Sexual Abuse/Molestation Liability

Coverage Exclusion as per endorsement CG 8029 (06/10):

**ABUSE OR MOLESTATION LIABILITY COVERAGE EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

    **A.**     The following exclusion is added to **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY 2. Exclusions:**

    "Bodily injury" or "property damage" arising from or related to:

    **(1)** Each, every and all actual, threatened or alleged acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or by two or more persons acting together, including physical or mental abuse arising from or related to such conduct; or

    **(2)** The insured's:

        **(a)** Hiring;

      **(b)**      Training;

      **(c)**      Investigation;

      **(d)**      Supervision;

      **(e)**      Reporting to the proper authorities, or failure to so report; or

      **(f)**      Retention;

of any "employee", volunteer, student-in-training or any other person or persons who commit or allegedly commit acts of physical or mental abuse of a sexual nature, sexual abuse, sexual molestation or sexual misconduct, including physical or mental abuse arising from or related to such conduct, and for whom the insured is or ever was legally responsible; or

**(3)**      The insured's:

      **(a)**      Design;

      **(b)**      Control;

      **(c)**      Maintenance;

      **(d)**      Supervision;

      **(e)**      Inspection; or

      **(f)**      Investigation of prospective tenants

of your premises, premises in your control or premises you have leased to another where such activities actually or allegedly resulted in any act of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct, including physical or mental abuse arising from or related to such conduct; or

**(4)**      The insured's failure to provide professional services to or neglect of the therapeutic needs of a client, patient or other person arising from any physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct, including physical or mental abuse arising from or related to such conduct; or

 **(5)** The insured's liability for physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct, including physical or mental abuse arising from or related to such conduct, by any "employee", volunteer, student-in-training or any other person or persons acting within the scope of their employment, appointment or authorization by the insured.

27. The Policy's Social Services Liability Coverage Section provides the following relevant Sexual Abuse or Molestation Liability Coverage Exclusion as per endorsement SS 0049IL (10/14):

This endorsement modifies insurance provided under the following:

SOCIAL SERVICE ORGANIZATION PROFESSIONAL LIABILITY COVERAGE FORM

The following Exclusion is added to **SECTION I — COVERAGES,** Paragraph **2. Exclusions:**

**y.** Directly or indirectly arising from or related to:

 **(1)** Each, every and all actual, threatened or alleged acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or by two or more persons acting together, including physical or mental abuse arising from or related to such conduct; or

 **(2)** The insured's:

  **(a)** Hiring;

  **(b)** Training;

  **(c)** Investigation;

  **(d)** Supervision;

  **(e)** Reporting to the proper authorities, or failure to so report; or

  **(f)** Retention;

  of any "employee", volunteer, student in training or any other person or persons who commit or allegedly commit

    acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct, including physical or mental abuse arising from or related to such conduct, and for whom the insured is or ever was legally responsible; or

  **3)**  The insured's:

    **(a)**  Design;

    **(b)**  Control;

    **(c)**  Maintenance;

    **(d)**  Supervision;

    **(e)**  Inspection; or

    **(f)**  Investigation of prospective tenants of your premises, premises in your control or premises you have leased to another where such activities actually or allegedly resulted in any act of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct, including physical or mental abuse arising from or related to such conduct; or

  **(4)**  The insured's failure to provide professional services to or neglect of the therapeutic needs of a client, patient or other person arising from any physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct, including physical or mental abuse arising from or related to such conduct.

  All other terms and conditions of the coverage part remain unchanged.

  28.  The Policy's Abuse or Molestation Liability Coverage Part, endorsement AM 0001IL (06/10) provides as follows:

**SECTION I — COVERAGE**

**ABUSE OR MOLESTATION LIABILITY COVERAGE**

**1.    Insuring Agreement**

    **a.**   We will pay those sums that the insured is legally obligated to pay as "damages" because of "abuse or molestation" resulting in "injury" to which this insurance applies, if the insured is obligated to pay such "damages" by reason of:

        **(1)**   The insured's:

            **(a)**   Hiring;

            **(b)**   Training;

            **(c)**   Investigation;

            **(d)**   Supervision;

            **(e)**   Reporting "abuse or molestation" to the proper authorities, or failure to so report; or

            **(f)**   Retention of any "employee", volunteer, student in training or any other person or persons for whom the insured is or ever was legally responsible; or

        **(2)**   The insured's:

            **(a)**   Design;

            **(b)**   Control;

            **(c)**   Maintenance;

            **(d)**   Supervision;

            **(e)**   Inspection; or

            **(f)**   Investigation of prospective tenants of your premises, premises in your control or premises you have leased to another; or

        **(3)**   The insured's failure to provide professional services or neglect of therapeutic needs arising from "abuse or molestation" for which coverage applies

      under Item **1.a.(1)** or Item **1.a.(2)** of this insuring agreement; or

   **(4)** The insured's liability for any "employee", volunteer, student in training or any other person or persons acting within the scope of their employment, appointment or authorization by you.

  We have the right and duty to defend any "suit" seeking "damages" to which this insurance applies. However, we have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply. We may, at our discretion, investigate any "abuse or molestation" and settle any claim or "suit" that may result. But:

  **(a)** The amount we will pay for "damages" is limited as set forth in **SECTION III — LIMIT OF INSURANCE;** and

  **(b)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of "damages."

  We will pay, with respect to any "suit" we defend, those "defense costs" incurred with our consent. No other obligation or liability to pay sums or perform acts or services is covered by this coverage part.

  Our obligation to pay for "damages" applies only to the amount of "damages" in excess of any deductible amount shown in the Declarations. The deductible applies separately to each "abuse or molestation." Upon our request you will reimburse us for any amounts that we have paid that are within the applicable deductible.

  **b.** This insurance applies only if:

   **(1)** The "abuse or molestation" takes place in the "coverage territory"; and

   **(2)** The "abuse or molestation" first takes place during the policy period of the policy to which this coverage part is attached.

29. This Abuse or Molestation Liability Coverage Part also contains the following

Definitions:

11104283.2

**SECTION V — DEFINITIONS**

3. "Abuse or molestation" means each, every and all actual, threatened or alleged acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or by two or more persons acting together.

    Each, every and all actual, threatened or alleged acts of "abuse" or "molestation" or mental abuse, sexual abuse, sexual molestation or sexual misconduct committed, participated in, directed, instigated or knowingly permitted by one person or by two or more persons acting together shall be considered to be one "abuse" or "molestation" regardless of:

    a. The number of injured parties;

    b. The period of time or policy periods over which the acts took place; and

    c. The number of such actual, threatened, or alleged acts.

    "Abuse" or "molestation" comprising more than one act of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct shall be deemed to take place at the time of the first such incident, act or encounter.

5. "Damages" means a monetary:

    a. Judgment;

    b. Award; or

    c. "Agreed settlement" means a settlement and release of liability signed by the insured and the claimant or the claimant's legal representative and approved by us. But it does not include fines, sanctions, penalties, punitive or exemplary damages or the multiple portion of any damage award.

8. "Injury" means physical injury to a person, sickness, disease or emotional distress, mental anguish, or death resulting there from

30. The Abuse or Molestation Liability Coverage Part contains the following relevant provision:

**SECTION III — LIMIT OF INSURANCE**

1. The limit of insurance shown in the Declarations and the rules below fix the most we will pay for "damages" to which this insurance applies regardless of the number of:

    a. Insureds;

    b. Claims made or "suits" brought; or

    c. Persons or organizations making claims or bringing "suits."

2. The **EACH "ABUSE" OR "MOLESTATION" LIMIT** shown in the Declarations is the most we will pay for all "damages" as the result of any claim of "abuse" or "molestation."

    Each, every and all actual, threatened or alleged acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct committed, participated in, directed, instigated or knowingly permitted by one person or by two or more persons acting together shall be considered to be one "abuse" or "molestation" regardless of:

    a. The number of injured parties;

    b. The period of time or policy periods over which the acts took place; and

    c. The number of such actual, threatened or alleged

3. The **AGGREGATE LIMIT** shown in the Declarations is, subject to Paragraph **2.** of this Section, the total limit of our liability for all "damages" to which this insurance applies.

    The Aggregate limits of this coverage part apply separately to each consecutive annual period; and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations to which this coverage part is attached; unless the policy period of the policy to which this coverage part is attached is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed

part of the last preceding annual period for purposes of determining the limit of insurance.

### **COUNT I - The Policy's Commercial General Liability Coverage Part Does Not Provide Coverage for the Underlying Action.**

31. Selective adopts and repeats the allegations of Paragraphs 1 through 30 as and for Paragraph 31, as though the same were fully set forth herein.

32. The Underlying Action alleges incidents of sexual abuse and/or molestation.

33. The Abuse and Molestation Liability Exclusion in the Commercial General Liability Coverage of the Policy precludes coverage for any "bodily injury" "property damage" and "personal and advertising injury" arising from the "actual, threatened or alleged acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or by two or more persons acting together, including physical or mental abuse arising from or related to such conduct".

34. Since the Underlying Action alleges "bodily injury" and/or "personal and advertising injury" arising from or related to "actual, threatened or alleged acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct" such "bodily injury" and/or "personal and advertising injury" is excluded from coverage under the Commercial General Liability's Coverage Part.

### **COUNT II – The Policy's Social Service Organization Professional Liability Coverage Part Does Not Provide Coverage for the Underlying Action.**

35. Selective adopts and repeats the allegations of Paragraphs 1 through 30 as and for Paragraph 35, as though the same were fully set forth herein.

36. The Social Service Organization's Sexual Abuse or Molestation Liability Coverage Exclusion excludes coverage for "actual, threatened or alleged acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct".

37. The Underlying Action is based exclusively on allegations of "actual, threatened or alleged acts of physical or mental abuse, sexual abuse, sexual molestation or sexual misconduct" and thus, are excluded from coverage under the Social Service Organization Professional Liability Coverage of the Policy.

**COUNT III – The Policy's Abuse or Molestation Liability Coverage of the Policy Does Not Apply Because the Underlying Action Alleges that the Alleged Abuse or Molestation First Took Place Prior to the Inception Date of the Policy.**

38. Selective adopts and repeats the allegations of Paragraphs 1 through 30 as and for Paragraph 38, as though the same were fully set forth herein.

39. The Policy's Abuse or Molestation Liability Coverage Insuring Agreement limits coverage to "abuse or molestation" which first takes place during the Policy's policy period.

40. The Policy's Abuse or Molestation Liability Coverage Part's definition of "abuse or molestation" states that all "abuse or molestation" committed by one person shall be considered to be one abuse, regardless of the time period over which the acts took place. Further, the Policy states that "abuse or molestation" comprising more than one act of sexual abuse shall be deemed to take place at the time of the first incident.

41. The Underlying Action's SAC alleges that or around June 2019, in violation of "house rules", Fritz entered the facility bathroom and penetrated John Doe's anus with his finger while John Doe was drying off after a shower. Ex. B at ¶12. Further, Defendant Doe alleges in the Underlying Action that in or around June 2019, Fritz grabbed John Doe's penis area while on the facility bus and hit him in the back. Id. at ¶14.

42. The Underlying Action's SAC also alleges that "at no time did John Doe have the decisional making capacity to give consent to sexual activity with another individual at TWI and/or St. Anthony Road Group Home" and alternatively, "at no time did John Doe give consent

to sexual activity with another individual at TWI and/or St. Anthony Road Group Home". Ex. B, ¶¶28, 29.

43. Since the SAC alleges that John Doe was not capable of nor did he give consent to sexual activity with another individual at TWI and/or St. Anthony Road Group Home, John Doe's June 2019 sexual encounter with Fritz constitutes "abuse or molestation" with the terms of the Policy. Since the "abuse or molestation" first took place prior to the October 6, 2019 inception date of the Policy, there is no coverage for the Underlying Action under the Abuse or Molestation Liability Coverage Part of the Policy.

**COUNT IV – The Policy's Umbrella Coverage Does Not Apply to the Underlying Action.**

44. Selective adopts and repeats the allegations of Paragraphs 1 through 30 as and for Paragraph 44, as though the same were fully set forth herein.

45. Because the primary coverages of the Policy, including the Commercial General Liability, Social Services Professional Liability and the Abuse or Molestation Coverage Parts do not apply, the Umbrella Coverage Part of the Policy does not provide coverage for the Underlying Action.

46. The terms, conditions, exclusions and conditions of the Umbrella Coverage Part preclude coverage for the claims asserted in the Underlying Action.

**WHEREFORE**, Plaintiff, Selective Insurance Company of America, respectfully requests that this Court enter a judgment finding and declaring as follows:

(a) Selective Insurance Company of America policy number S 2414607 does not provide coverage to Transitions of Western Illinois, Inc., Lacey Eaton or Eric Kaminsky with respect to the action bearing Case No. 2023 LA 45, pending in the Circuit Court for the Eight Judicial Circuit, Adams County, Illinois;

(b) Selective Insurance Company of America does not have a duty to defend Transitions of Western Illinois, Inc., Lacey Eaton or Eric Kaminsky with respect to the action bearing Case No. 2023 LA 45, pending in the Circuit Court for the Eight Judicial Circuit, Adams County, Illinois;

11104283.2

18

(c) Selective Insurance Company of America does not have a duty to indemnify or reimburse Transitions of Western Illinois, Inc., Lacey Eaton or Eric Kaminsky with respect to the action bearing Case No. 2023 LA 45, pending in the Circuit Court for the Eight Judicial Circuit, Adams County, Illinois;

(d) That all defendants are enjoined from seeking to recover under Selective Insurance Company of America policy number S 2414607 with respect to the action bearing Case No. 2023 LA 45, pending in the Circuit Court for the Eight Judicial Circuit, Adams County, Illinois;

(e) That Selective Insurance Company of America be awarded its costs incurred in this action; and

(f) That the Court enter such further declarations and award such further relief as it deems necessary and appropriate.

Dated: August 30, 2024

Respectfully submitted,

CLAUSEN MILLER, P.C.

By: *Colleen A. Beverly*
Colleen A. Beverly (#6269463)
Clausen Miller P.C.
10 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
P: 312.855.1010 F: 312.606.7777
cbeverly@clausen.com

**Attorney for Plaintiff**
**Selective Insurance Company of America**

11104283.2